IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RACHELLE ANDERSON, 33994-097<br>            Plaintiff | * | |
| v. | * | CIVIL ACTION NO. RDB-07-221 |
| BALTIMORE SUN PAPER<br>ELIZABETH LUKES | * | |
| SHARAH GERING | * | |
| | *** | |

## MEMORANDUM OPINION

The gravamen of Plaintiff's 42 U.S.C. § 1983 prisoner civil rights action for damages, received for filing on January 23, 2007, is that in April of 2005, The Baltimore Sun published an allegedly defamatory article written by Elizabeth Lukes and Sharah Gering. Plaintiff claims that:

> On 4/12/05, Elizabeth Lukes and Sharah Gering did a report of failure to protect Maryland Troubled Group Home. On Page 1A-9A The Baltimore Sun Paper reported; 1) I was in a drug ring, 2) I pleaded guilty to my state conviction, 3) I didn't under go a background check, 4) I had no experience, 5) I had no education.

(Paper No. 1 at 4.)

Plaintiff has filed a Motion to Proceed *In Forma Pauperis*. Because she appears indigent, she will be granted leave to proceed without the prepayment of filing fees.

The jurisdictional and threshold requirements of §1983 civil actions require that a substantial federal question be asserted and that the named defendants be acting "under color of" state law. *See* 28 U.S.C. §§ 1343(a)(3) and (4); *West v. Adkins*, 487 U.S. 42, 49 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928-930 (1982). The Baltimore Sun, Elizabeth Lukes, and Sharah Gering do not act "under color of" state law and are not amenable to suit under §1983. Consequently, Defendants

are not subject to §1983 damage liability[1] and Plaintiff's Complaint shall be dismissed without requiring an answer. [2]

Because Plaintiff's § 1983 complaint alleges an infringement of a constitutional right that does not exist and is premised on an "indisputably meritless legal theory," the dismissal is pursuant to 28 U.S.C. §1915(e).[3] Plaintiff is hereby notified that she may be barred from filing future suits *in forma pauperis* if she continues to file federal civil rights actions that are subject to dismissal as frivolous or malicious under §1915(e) or under Federal Rule of Civil Procedure 12(b)(6) for failure

---

[1] The cause of action also fails to meet the threshold requirements for filing a tort complaint under 28 U.S.C. § 1332 (diversity) as Plaintiff has failed to demonstrate that she and Defendants are domiciled in different districts. For the purpose of § 1332(a), an individual's citizenship is determined by domicile. *See Williamson v. Osenton*, 232 U.S. 619, 624-25 (1914). A party's domicile is established at the time a case is filed, *see Freeport-McMoRan v. KN Energy, Inc.*, 498 U.S. 426, 428-29(1991), and it is determined by the party's place of residence and intent to remain in that place indefinitely. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). It is well-established that a prisoner does not acquire a new domicile when she is incarcerated in a state different from her previous domicile. Instead, the prisoner retains her pre-incarceration domicile. *See* 15 James Wm. Moore et al., Moore's Federal Practice ¶ 102.37[8][a] (3d ed.1999) (collecting cases).

[2] Moreover, an allegation of defamation is not actionable under § 1983. Injury to reputation alone does not result in a deprivation of a liberty or a property interest protected by the Due Process Clause of the Fourteenth Amendment. *See Paul v. Davis*, 424 U.S. 693, 703 (1976); *see also Siegert v. Gilley*, 500 U.S. 226, 233 (1991). An action for damages to reputation "lies....in the tort of defamation, not in 42 U.S.C. § 1983." *Fleming v. Dep't of Public Safety*, 837 F.2d 401, 409 (9th Cir. 1988).

[3] 28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

   (A)  the allegation of poverty is untrue; or
   (B)  the action or appeal--
   (i)   is frivolous or malicious;
   (ii)  fails to state a claim on which relief may be granted; or
   (iii) seeks monetary relief against a defendant who is immune from such
         relief.

to state a claim on which relief may be granted.[4]

A separate Order shall be entered in compliance with the opinion set out above.

Date:   January 31, 2007                    /s/
                                            RICHARD D. BENNETT
                                            UNITED STATES DISTRICT JUDGE

---

[4]   28 U.S.C. § 1915(g) states as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As the Court interprets this provision of the Act (the relevant portions of which are also known as the "Prison Litigation Reform Act" or "PLRA"), once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions *in forma pauperis*, absent extraordinary circumstances.